**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **WOODARD PITTMAN,** § | |
| *Plaintiff* § | |
| § | |
| vs. § | CASE NO. _____ |
| § | |
| **RAUL HERNANDEZ,** § | |
| **YAMILE GONZALEZ BENITEZ** and § | |
| **GBENITEZ LLC,** § | |
| *Defendants.* § | **JURY DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, Plaintiff WOODARD PITTMAN, complaining of and about Defendants RAUL HERNANDEZ, YAMILE GONZALEZ BENITEZ and GBENITEZ LLC and for such causes of action would respectfully show the Court as follows:

**A. PARTIES**

1. Plaintiff Woodard Pittman is an individual residing in Gregg County, Texas.

2. Defendant Raul Hernandez ("Defendant Hernandez") is a resident of the State of Arizona. He can be served with process at his last known address of 2601 W Claremont Street, Apt 1017, Phoenix, AZ 85017 or wherever he may be found.

3. Defendant Yamile Gonzalez Benitez ("Defendant Benitez") is a resident of the State of Arizona. She can be served with process at her last known address of 7400 W Arrowhead Clubhouse, Apt 2023, Glendale, AZ 85308 or wherever she may be found.

4. Defendant GBenitez LLC ("Defendant GBenitez LLC") is a domestic Limited Liability Company formed under the laws of the State of Texas. GBenitez LLC may be served

with process through its registered agent, Yamile Gonzalez Benitez, 7400 W Arrowhead Clubhouse, Apt 2023, Glendale, AZ 85308.

## B. JURISDICTION & VENUE

5. This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of different states. All of the corporate defendants have engaged in intentional and systematic contacts with the State of Texas.

6. Venue is proper in this district under the provisions of 28 U.S.C. § 1391 because the wreck occurred in Gregg County, Texas, which is in the Tyler Division of the Eastern District of Texas.

## C.  CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## D.  RESPONDEAT SUPERIOR

8. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that both Defendant GBenitez LLC's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendant GBenitez LLC or was done in the normal routine course of the agency or employment of Defendant GBenitez LLC.

9. In addition to the other Counts herein, the incident made the basis of Plaintiff's lawsuit was proximately caused by the negligence of Defendant GBenitez LLC through its employee and authorized agent, Defendant Hernandez.

## E.  FACTS

10. This case arises out a tractor-trailer wreck that occurred on or about February 26, 2020.  Plaintiff was driving his vehicle northbound on State Highway 42 North in Kilgore, Gregg County, Texas.  Defendant Hernandez was driving an 18-wheeler owned by Defendant Yamile Gonzalez Benitez and Defendant GBenitez LLC.  Defendant Hernandez was driving the 18-wheeler in the course and scope of his employment with Defendant Yamile Gonzalez Benitez and Defendant GBenitez LLC.

11. Defendant Hernandez was stopped at the intersection of the I-20 off ramp and State Highway 42. As Plaintiff approached the intersection, Defendant Hernandez failed to keep a proper lookout, failed to pay attention, and failed to yield right of way from the stop sign. As a result, Defendant Hernandez struck the passenger side of Plaintiff's car. The investigating officer placed Defendant Hernandez 100% at fault for this wreck.  As a result of this collision, Plaintiff suffered physical injuries and damages.

## F.  NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT HERNANDEZ

12. Defendant Hernandez owed a duty to Plaintiff and all other drivers to operate the vehicle owned by Defendant Yamile Gonzalez Benitez and Defendant GBenitez LLC in a reasonably prudent manner.  He breached this duty by failing to be aware of his surroundings and failing to yield right of way.  That breach led proximately and directly to Plaintiff's injuries complained of herein.  Defendant Hernandez was in the course and scope of his duties with Defendant Yamile Gonzalez Benitez and Defendant GBenitez LLC when this event occurred.

13. Defendant Hernandez breached his duty of care in the following ways:

    a. Failing to keep a proper lookout;

    b. Failing to yield right of way;

    c. Negligent operation of a motor vehicle; and

      d.      Reckless operation of a motor vehicle.

Additional acts and omissions by Defendant Hernandez may be presented at the time of trial.

    14.    Each and all of the above acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Defendant Hernandez committed violations of statutory law, which include but are not limited to the following:

      a.      Tex. Transp. Code § 544.010; operator shall stop when approaching an intersection with a stop sign;

      b.      Tex. Transp. Code § 545.153 (b); operator approaching an intersection controlled by a stop sign, shall yield the right-of-way; and

      c.      Tex. Transp. Code § 545.401; reckless driving.

### G.  NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, RETENTION, AND SUPERVISION OF DEFENDANT GBENITEZ LLC

    15.    Defendant GBenitez LLC entrusted its vehicle to Defendant Hernandez for use on public roads and in furtherance of GBenitez LLC's businesses.

    16.    Defendant Hernandez is known to be a reckless and incompetent driver and had previous motor vehicle accidents and traffic tickets. Defendant GBenitez LLC knew or should have known of Defendant Hernandez's incompetence. Defendant GBenitez LLC failed to do a proper background search and/or call previous employers.

    17.    Defendant GBenitez LLC could have reasonably anticipated that entrusting his vehicles to Defendant Hernandez would result in harm to the public on the roadways. Defendant GBenitez LLC's knowledge of Defendant Hernandez's incompetence – or in the alternative – Defendant GBenitez LLC's failure to diligently search and inquire as to Defendant Hernandez's incompetence – proximately caused harm to Plaintiff as complained of below.

18.     Further, based on the above, Defendant GBenitez LLC had a duty to hire, supervise, train, and retain its employees in a competent manner consistent with the actions of a reasonably prudent company. Defendant GBenitez LLC breached this duty through the following actions:

    a.  Failing to check the credentials, training, work history, and criminal history of Defendant Hernandez;

    b.  Failing to train Defendant Hernandez with the best practices of the industry;

    c.  Failing to terminate Defendant Hernandez after discovering behavior and/or facts indicating that Defendant Hernandez was not competent to operate a commercial vehicle;

    d.  Other actions that will be brought forth through discovery and trial.

19.     These failures of Defendant GBenitez LLC were the proximate cause and cause in fact of Plaintiff's injuries, complained of below.

## H.  DAMAGES

20.     As a direct and proximate result of the negligent conduct of all Defendants as alleged above, Plaintiff sustained bodily injuries and damages. Plaintiff's damages include but are not limited to the following:

    a.  Physical pain in the past and future;

    b.  Mental anguish in the past and future;

    c.  Physical impairment in the past and future; and

    d.  Medical expenses in the past and future.

21.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered injuries to his body. By reason of the foregoing damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

## J.  JURY DEMAND

22.     Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## K.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer this Complaint and that upon final hearing, Plaintiff recovers as follows:

a.     Actual damages;

b.     Pre-judgment and post-judgment interest as provided by law;

c.     Costs of Court; and

d.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

*/s/ Benton G. Ross*
BENTON G. ROSS
State Bar No. 24068124
benton@monsourlawfirm.com
DOUGLAS C. MONSOUR
State Bar No. 00791289
doug@monsourlawfirm.com
RYAN WISCOMBE
State Bar No. 24102656
ryan@monsourlawfirm.com
JIM GOSSETT
State Bar No. 24106017
jim@monsourlawfirm.com
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)

**ATTORNEYS FOR PLAINTIFF**